IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMSEY RANDALL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FOX NEWS & ENTERTAINMENT, INC. | : | NO. 16-1267 |
| READING EAGLE NEWSPAPER, CO. | : | |

**MEMORANDUM**

SLOMSKY, J.                                                                                                                                                      APRIL   , 2016

      Plaintiff Ramsey Randall brings claims against Fox News & Entertainment, Inc. and the Reading Eagle Newspaper Co. based on an allegedly defamatory article they published about him. The complaint purports to raise claims for damages under 42 U.S.C. § 1983 and the All Writs Act, 28 U.S.C. § 1651. The Court initially denied plaintiff leave to proceed *in forma pauperis* without prejudice because he failed to provide a copy of his prison account statement in accordance with 28 U.S.C. § 1915(a). Plaintiff returned with a motion for reconsideration of his eligibility for *in forma pauperis* status and a copy of his prison account statement. As plaintiff has now satisfied the requirements of 28 U.S.C. § 1915, he is entitled to proceed *in forma pauperis*, and the Court will grant his motion for reconsideration in that regard.[1] For the following reasons, the Court will dismiss the complaint without prejudice to plaintiff refiling his claims in state court.

      As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal, a

---

[1] The Court denies the motion for reconsideration to the extent it asks the Court to transfer this case to the United States Supreme Court to be combined with a *habeas* petition plaintiff filed there.

1

complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988). As the defendants are not state actors, plaintiff cannot state a § 1983 claim against them. Nor is there any plausible basis for a defamation claim under the All Writs Act, which permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.

To the extent plaintiff is raising defamation claims under state law, the only possible basis for jurisdiction is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The complaint here indicates that the parties are not completely diverse.[2] Accordingly, the Court lacks subject matter jurisdiction over plaintiff's state defamation claims. If plaintiff seeks to pursue those claims, he must proceed in state court.

For the foregoing reasons, the Court will dismiss plaintiff's complaint without prejudice to him refiling his defamation claims in state court. Plaintiff will not be given leave to file an

---

[2] A prisoner is presumed to be a citizen of the state where he was domiciled prior to his imprisonment. *See Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). The complaint alleges that plaintiff is a citizen of Pennsylvania.

2

amended complaint because it does not appear that he can cure the defects in his complaint. An appropriate order follows, which shall be docketed separately.

4/13/16 mal:
Randall